**Hussein S. HUSSEIN, Plaintiff–Appellant,**

v.

**Glenn MILLER, Defendant–Appellee.**

No. 08–15436.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Oct. 1, 2012.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles Hilsabeck, Assistant General Counsel, University & Community Colleges, Reno, NV, for Defendant–Appellee.

Before: WARDLAW, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Hussein S. Hussein appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging a First Amendment retaliation claim and a state law defamation claim arising out of statements made by fellow faculty member Glenn Miller. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment on Hussein's First Amendment retaliation claim because Hussein failed to raise a genuine dispute of material fact as to whether Miller's statements are actionable under § 1983. *See Blair v. Bethel Sch. Dist.,* 608 F.3d 540, 543–46 (9th Cir.2010) (discussing requirements for a First Amendment retaliation claim); *Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1045 (9th Cir.1994) ("[D]amage to reputation is not actionable under § 1983 unless it is accompanied by 'some more tangible interests.'" (citation omitted)).

The district court properly granted summary judgment on Hussein's defamation claim because a reasonable person, hearing Miller's statements in context, would be

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

likely to understand the statements to be an expression of Miller's opinion and not a statement of existing fact. *See Pegasus v. Reno Newspapers, Inc.,* 118 Nev. 706, 57 P.3d 82, 87–88 (Nev.2003) (discussing factors for determining whether a statement is actionable for purposes of defamation claim).

**AFFIRMED.**